EDWARD A. KELLY, JR., INDIVIDUALLY AND AS COUNTY CLERK OF BURLINGTON COUNTY, PLAINTIFF v. BURLINGTON COUNTY BOARD OF ELECTIONS, DEFENDANT.

Superior Court of New Jersey
Law Division Burlington County

October 29, 1985.

336

*Michael J. Hogan* for plaintiff.

*John E. Harrington* for intervenors Lillian Trainor and Paul Guidry (*Schlesinger, Schlosser, Foy & Harrington,* attorneys).

*Ronald E. Bookbinder* for intervenors Raymond Vranich and Lawrence Steinberg (*Bookbinder, Guest & Domzalski,* attorneys).

HAINES, A.J.S.C.

Since 1977, absentee ballots provided by the Burlington County Clerk have been counted by an electronic device. The device consists of a small machine which counts absentee ballots (in the form of punched cards) with great rapidity, transmitting the results to a printer. Following the 1984 general election, the Burlington County Election Board ("board") has insisted upon a manual count and tabulation of these ballots. More than 22,400

absentee ballot cards were received in the course of that election. The county clerk now sues to restrain the board from using manual procedures, claiming that the use of the electronic device is mandatory.

The board of elections, consisting of two Democrats and two Republicans, is deadlocked and therefore has not appeared in this proceeding. However, Lillian Trainor and Raymond Vranich, members of the board and Paul Guidry and Lawrence Steinberg, freeholder candidates, have intervened. They oppose the requested relief, raising numerous issues concerning the use of the electronic device. They argue that problems exist requiring a manual approach to ballot tabulation. This opinion, responding to an order to show cause, disposes of the litigation.

## The Statutes.

The use of the County's electronic device is authorized by *N.J.S.A.* 19:57–15.1 which provides in part:

> Notwithstanding any provision of law to the contrary, any county may adopt a system of electronic scanning, punch cards or other mechanical or electronic device, which system has been previously approved by the Secretary of State, to be used in counting or canvassing absentee ballots.

It is the obligation of the county board of elections to open the envelopes containing absentee ballots, to "proceed to count and canvass the votes cast on such absentee ballots," and to certify the results of the canvass. *N.J.S.A.* 19:57–31.

*N.J.S.A.* 19:53A–8 provides:

a. Prior to the start of the count of the ballots, each county board of elections shall have the automatic tabulating equipment tested to ascertain that it will accurately count the votes case for all offices and on all measures. Public notice of the time and the place of the test shall be given at least 48 hours prior thereto....

b. All proceedings at the counting center shall be under the direction of the county board of elections or persons designated by it; there shall always be two persons in charge, one from each opposite political party as in this act defined; and all proceedings shall be conducted under the observation of the public, but no persons except those authorized for the purpose shall touch any ballot card or return. All persons who are engaged in processing

and counting of the ballots shall be deputized and take an oath that they will faithfully perform their assigned duties.

. . . .

c. The return of the automatic tabulating equipment, to which have been added the write-in and absentee votes, shall, after being duly certified by the county board of elections, constitute the official return of each election district.

d. If for any reason, it becomes impracticable to count all or a part of the ballot cards with tabulating equipment, the county board of elections may direct that they be counted manually, following as far as practicable the provisions governing the counting of paper ballots contained in Title 19 of the Revised Statutes.

*N.J.S.A.* 19:53A–12 provides for the appointment of challengers for each "counting center" and states that they shall have the right to be present "during any time the counting center is open or operating whether for testing of the equipment, programs, ballot cards or for counting the ballot cards or for any other purpose."

### *Present Practices.*

The electronic device used to count absentee ballots in Burlington County is situate in the county's computer center, an interior room reached through a narrow passage. The room is atmospherically controlled and houses a substantial amount of computer equipment in addition to the absentee ballot machine. The program for the machine is controlled and the machine itself operated by a Republican employee of the county board of freeholders. She tests the equipment as required by *N.J.S.A.* 19:53A–8a. The record does not indicate what testing procedures are followed.

■ These arrangements do not comply with statutory requirements. The enabling statute, which permits the use of the electronic device, *N.J.S.A.* 19:57–15.1, provides for its use "in counting or canvassing absentee ballots." The board of elections, not the board of freeholders, is responsible for counting and canvassing votes cast by such ballots. *N.J.S.A.* 19:57–31.

The former is also required to test the equipment in public, to have "all proceedings at the counting center" conducted under its direction or under the direction of "persons designated by it," again, in public, to certify the return of the device and to count the ballots manually if it becomes "impracticable" to do otherwise. *N.J.S.A.* 19:53A–8. The same statute provides that "there shall always be two persons in charge, one from each opposite political party." It is, therefore, improper to have the electronic device controlled and operated by an employee of the board of freeholders. Bipartisan principles designed to safeguard election processes are ignored.

The court has inspected the electronic device and the computer room in which it is situate. The room is not designed for public use. Observation of the electronic tabulating device is possible for only a handful of people. It does not permit the public test and public counting procedures which the statutes require.

The board of elections is deadlocked and therefore unable to take the necessary action to provide statutory compliance. Were the opposite true, compliance in time for the 1985 general election, to be held in a few days, would be difficult, if not impossible. Compliance requires the designation and training of at least two persons (or one, if the present operator is designated) to operate the counting device, removal of the equipment to a satisfactory location and completion of a public test of the equipment after at least 48-hours notice. These arrangements should not and need not be accomplished on an emergency basis, preventing deliberation and inviting mistakes. The recited circumstances make it "impracticable" to count the ballots electronically. The board must therefore count the ballots manually, as permitted by *N.J.S.A.* 19:53A–8d.

The requested injunction against the use of a manual counting system is therefore denied.